Appellee sued appellant, seeking to recover $502.75, damages alleged to have resulted from the wrongful ejection of the plaintiff's wife from a passenger train on appellant's road. The plaintiff recovered $150 and the defendant has appealed.
The first and second assignments of error assail the verdict of the jury, but the testimony given by the plaintiff's wife supports the verdict. There was conflict between her testimony and that given by the train crew; but it was the province of the jury to determine the question of credibility between the witnesses. Hence the assignments referred to are overruled.
The third assignment complains of the charge of the court, the contention being that it made the plaintiff's right to recover depend upon whether or not the defendant's employes were guilty of negligence in advising her to get on the train in question, which was not scheduled to stop at McNeil, the place of her destination. Mrs. Smith testified that she had a ticket entitling her to transportation on defendant's road from Taylor to McNeil; that before boarding the train at Taylor, she showed her ticket to two of defendant's employes, shown by other testimony to have been a brakeman and porter on the train; that they examined the ticket and told her to get on the train which she did; that thereafter the conductor took up her ticket, and over her protest, ejected her from the train at Round Rock.
The court instructed the jury that if the plaintiff's wife was the holder of a first-class passenger ticket, entitling her to passage over the defendant's railroad from Taylor to McNeil, and that the defendant, through an employe provided for that purpose, advised her that she was entitled to ride on that train, and she, relying upon such advice, took passage thereon and was afterwards ejected therefrom, as alleged in the petition; and that the action of the servant or employe *Page 434 
who so advised her to board the train was negligence, to find for the plaintiff.
If the plaintiff's wife boarded the train under the circumstances recited in the first part of the charge, we think the defendant was estopped from disputing her right to ride on that train to McNeil, her destination; and that it was the duty of those in charge of the train to stop at that place, and permit her to get off. The charge of the court went further than this and required the plaintiff to show, in order to recover, that the employe who induced her to board that train was guilty of negligence; but the defendant has no right to complain of such additional charge. The additional burden thereby placed upon the plaintiff rendered the charge beneficial to the defendant.
In some other respects the charge of the court is assailed, and there are several assignments of error addressed to the refusal of requested instructions. On all the questions referred to we rule against appellant.
No reversible error has been shown, and the judgment is affirmed.
Affirmed.